Lloyd Arthur BEYER, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–84–1135.

Court of Appeals of Minnesota.

Dec. 4, 1984.

David J. Gherity, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and FORSBERG and HUSPENI, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is an appeal from an order revoking Beyer's driving license for D.W.I. Beyer claims the procedure used to determine his blood alcohol was inadequate. No evidence suggested that the test results were tainted. We affirm.

## FACTS

Beyer was arrested on February 22, 1984. A police officer observed Beyer driving erratically and stopped him. As the officer approached Beyer he noticed a ruddy face, slurred speech and a strong smell of alcohol. Beyer admitted having had five to six drinks. Beyer stepped out of his car and had difficulty keeping his balance.

Beyer was brought to the police station and read the implied consent advisory form. He agreed to a breath test after consultation with his attorney. The test was performed by an experienced officer who was certified to operate the breathalyzer. As the test was administered each of the 25 steps on the breathalyzer checklist was checked off. Beyer's blood alcohol concentration was found to be .17.

At the revocation hearing the officer who administered the breathalyzer testified that it functioned normally. But on cross-examination he stated that he had not wiped off the test and reference glass ampoules and that he had not been trained to do so. Beyer did not present evidence. His attorney then requested a brief continuance in order to obtain the January 6, 1984, affidavit of Eldon Ukestad, a BCA employee, which stated that ampoules ought to be wiped clean before use, and that foreign items on the outside of an ampoule could affect the test result. The court refused the request for a continuance noting that the affidavit would be hearsay. The court denied Beyer's next request for a continuance to obtain Ukestad's testimony. Beyer had not subpoenaed Ukestad or any expert to testify on his behalf prior to trial.

## ISSUE

Did the court err by denying Beyer a continuance to obtain expert testimony?

## DISCUSSION

Beyer argues vigorously that he should have been allowed to introduce Ukestad's affidavit, but if not, he was entitled to a short continuance to subpoena him. He argues that denial of both prevented his attorney from effective cross examination and rebuttal of the State's witness.

■ The granting of a continuance is discretionary. *State v. Vance*, 254 N.W.2d 353 (Minn.1977). The test is whether a denial prejudices the outcome of the trial. *Id.* at 358–59. In this case we affirm the trial court's discretionary denial.

■ The Commissioner has discretion in administering the laws relating to driving privileges. *Anderson v. Commissioner of Highways*, 267 Minn. 308, 126 N.W.2d 778 (1964). We defer to the Commissioner's decision to require a 25 point check list in administering a breathalyzer test; the record does not show more is needed. The administering officer followed the procedure prescribed by the Commissioner. There was no affirmative evidence that the test results were tainted. Therefore the results are deemed both admissible and reliable. *State Department of Public Safety v. Habisch*, 313 N.W.2d 13 (Minn. 1981); *State, City of St. Louis Park v. Quinn*, 289 Minn. 184, 182 N.W.2d 843 (1971).

■ Ukestad was not subpoenaed and Beyer's attorney knew of Ukestad and his comments before the conclusion of the trial. Such evidence is not newly discovered. It does not justify a new trial or other relief. *Gruenhagen v. Larson*, 310 Minn. 454, 459, 246 N.W.2d 565, 569 (1976).

■ Had Ukestad's affidavit been presented at trial as part of appellant's case, the court could have considered it as an authenticated report. Minn.Stat. § 169.-123 subd. 6 (Supp.1983). This statute, allowing what is technically hearsay evidence to be offered in implied consent hearings with proper foundational safeguards, is used extensively by the State for its own benefit. The same should apply to petitioners in implied consent hearings. However, Ukestad's admonition that items on the outside of an ampoule could affect test results is, at best, collateral to the admissibility of the breathalyzer test report and goes to its weight, not its initial admissibility. Beyer presented no evidence suggesting that the ampoule was dirty. The officer who administered the breathalyzer test merely testified that he did not wipe its surface prior to use. Nothing in the record suggests that the ampoule was dirty. The Commissioner's check list does not discuss failure to wipe prior to use as essential. The foundation here for the breathalyzer report was sufficiently laid by showing compliance with the checklist and a machine in proper working order. *Habisch*, 313 N.W.2d at 15. In view of the absence of any testimony by Beyer that the ampoule was tainted, Ukestad's affidavit or in-court testimony, even if allowed, would not likely have affected the outcome of the revocation hearing.

## DECISION

Beyer made no affirmative showing of prejudice by the denial of a continuance.

Affirmed.