Ronald Lawrence WEISE,
petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C6–84–2084.

Court of Appeals of Minnesota.

July 2, 1985.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel Watne, James B. Early, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal by the Commissioner of Public Safety (Commissioner) from an or-

der of the trial court which rescinded the revocation of Ronald Weise's driver's license. The trial court excluded blood test results because the Commissioner failed to produce at the implied consent hearing the appropriate laboratory personnel pursuant to notice and the provisions of Minn.Stat. § 634.15, subd. 2 (1984). We reverse and remand for hearing.

## FACTS

During an October 10, 1984 implied consent hearing, the Commissioner offered a medical personnel certificate (signed by the nurse who withdrew a blood sample from Weise after he was arrested) and the BCA's certificate of analysis (stating that the sample had been analyzed and that the analysis showed a blood alcohol concentration over .10). Weise objected to the admission of these two reports on the grounds that, pursuant to Minn.Stat. § 634.15, subd. 2 (1984), he had notified the Commissioner and requested that the Commissioner have the person who withdrew the blood sample and the person who did the laboratory analysis available to testify at the hearing. Weise's attorney stated that he had sent the Commissioner this notice on September 21, 1984, more than 10 days prior to the hearing. The Commissioner's attorney claimed that the Commissioner never received the notice. It appears from the record that the trial court believed both attorneys: Weise's attorney did send the notice and the Commissioner never received it.

Weise's attorney did not have his copy of the notice with him at the hearing. The trial court continued the hearing so that Weise's attorney could provide the court with a copy of the notice and the affidavit of service. Weise's attorney subsequently provided the court with the copy.

Thereafter, the trial court issued an order rescinding the revocation of Weise's driving privileges. The trial court found that Weise had given the Commissioner proper notice pursuant to Minn.Stat. § 634.15, subd. 2 and the Commissioner failed to have the requested witnesses present. The trial court denied the Commissioner's request for a continuance in order to produce the requested witnesses, and determined that the Commissioner failed to establish that Weise's blood alcohol concentration was over .10.

## ISSUES

1. Did the trial court properly exclude the blood test results?

2. Did the trial court abuse its discretion in denying the Commissioner a continuance to arrange for the testimony of the persons who prepared the medical personnel certificate and the certificate of analysis?

## ANALYSIS

### I.

Pursuant to Minn.Stat. § 634.15, subd. 1 (1984), a report prepared by the person performing a blood analysis and a blood sample report signed by the person who withdrew a blood sample (i.e., a medical personnel certificate) are admissible as evidence at an implied consent hearing without the testimony of the persons who performed the analysis or withdrew the sample. Minn.Stat. § 634.15, subd. 2 (1984) creates an exception to this general rule of admission. Section 634.15, subd. 2 provides:

> An accused person or his attorney may request, by notifying the prosecuting attorney at least ten days before the trial, that the following persons testify in person at the trial on behalf of the state:
>> (a) A person who performed the laboratory analysis * * *; or
>> (b) A person who prepared the blood sample report * * *.

Minn.Stat. § 634.15, subd. 2 (1984).

Section 634.15, subd. 2 does not indicate what constitutes proper notice under that subdivision, and the trial court did not explain its rationale for determining that Weise's attorney had given the Commissioner proper notice. Apparently, the trial court applied the general rule that notice is

effective upon mailing. *See* Minn.R.Civ.P. 5.02 (1984). The affidavit of service by mail indicates that the letter was in fact mailed.

The trial court did not receive the reports into evidence since Weise's attorney gave the Commissioner proper notice and the Commissioner failed to have the requested witnesses present at the hearing. The Commissioner contends that the trial court erred in excluding the reports since section 634.15, subd. 2 does not provide exclusion as a remedy for failing to present the requested witnesses.

█ We disagree with the Commissioner. It is implicit in section 634.15, subd. 2 that, if the accused or the accused's attorney requests to have certain witnesses present and the Commissioner does not have the witnesses available, then the reports are not admissible into evidence. The trial court did not err in excluding the reports when the requested witnesses were not available to testify.

## II.

The Commissioner next contends that the trial court abused its discretion in denying the motion for a continuance of the hearing so that the Commissioner could arrange for the requested witnesses to be available.

█ The granting of a continuance is a matter within the discretion of the trial court and its ruling should not be reversed absent a showing of clear abuse of discretion. *See Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn.1977); *Beyer v. Commissioner of Public Safety*, 358 N.W.2d 713, 715 (Minn.Ct.App.1984) (citing *State v. Vance*, 254 N.W.2d 353, 358 (Minn.1977)). The test is whether a denial prejudices the outcome of the trial. *Beyer*, 358 N.W.2d at 715.

The trial court gave no explanation for denying the continuance. There is no evidence that the Commissioner lacked diligence in presenting the witnesses. Nor is there evidence that would discredit the Commissioner's claim that he had not received the notice or that would indicate that the trial court disbelieved the Commissioner. There is nothing in the record to indicate that a one or two day continuance would have been problematical.

█ It appears that the trial court simply decided that the Commissioner should bear the burden of failing to receive the notice. This is a harsh result. The trial court's denial of the continuance obviously prejudiced the outcome of the hearing. Without the reports, there was no evidence that Weise's blood alcohol concentration was over .10 when he was arrested. As a result of the lack of such evidence, the trial court rescinded the revocation of Weise's driving privileges.

We conclude that the trial court abused its discretion in denying the Commissioner's request for a continuance. While we recognize the need for expediency in implied consent matters, we do not consider that a short continuance in this case would have resulted in any undue delay. Granting a continuance and rescheduling the hearing would have been the most equitable way to resolve this issue since neither party was responsible for the fact that the notice never reached the Commissioner.

## DECISION

The trial court did not err in excluding the blood test results, but the trial court did abuse its discretion in denying the Commissioner a continuance to arrange for the testimony of the requested witnesses.

Reversed and remanded for hearing.