**Elia CHAHLA, Appellant,**

v.

**CITY OF ST. PAUL, et al., Respondents.**

No. C0–93–788.

Court of Appeals of Minnesota.

Oct. 19, 1993.

Review Denied Jan. 20, 1994.

---

Judith L. Oakes, Peter L. Crema, Jr., J. Oakes & Associates, St. Paul, for appellant.

Natalie E. Hudson, St. Paul City Atty., Walter A. Bowser, Asst. City Atty., St. Paul, for respondents.

Considered and decided by NORTON, P.J., and KALITOWSKI and STONE, JJ.

## OPINION

BRUCE C. STONE, Judge.*

Appellant challenges the trial court's denial of his motion for a continuance and the subsequent dismissal of his action with prejudice for his alleged failure to be prepared for trial. Appellant has also moved to strike portions of respondent's brief and appendix. We reverse and remand.

## FACTS

Appellant Elia Chahla commenced this discrimination action in December 1988 against respondents, the City of St. Paul and various city officials, alleging he was denied homeowner rehabilitation contracts because of his race and national origin.

Appellant filed a Note Of Issue in April 1990 indicating his readiness for trial. The March 15, 1991 trial date was continued until May 1991 at appellant's request so that he could obtain a new attorney. Appellant's new counsel requested the May 1991 trial date be continued for 120 days because of scheduling conflicts and to allow time to retain an expert witness and to perform additional discovery. Subsequently, an October 1991 trial date was set.

In September 1991, appellant requested the October 1991 trial date be continued asserting that his medical condition prevented him from participating in the presentation of his case. Over respondents' objection, the trial was continued. A scheduling order provided that failure to have the case reinstated on the trial calendar by March 1, 1992 would

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

result in the action being dismissed with prejudice upon the court's own motion.

In February 1992, appellant requested the case be reinstated on the trial calendar and be given a summer or fall 1992 trial date so that he could have a reasonable amount of time to secure new counsel. An October 12, 1992 trial date was then assigned to the case. At a scheduling conference in August 1992, appellant appeared without counsel and over respondents' objection, requested the October 1992 trial date be continued to allow him time to retain new counsel. The court denied this request.

In September 1992, the parties were advised the October 1992 trial date was being continued to December 14, 1992 because of an injury to the judge. The parties were advised in a letter from the judge's law clerk that any further continuance requests would not be considered. Up until the time of trial, the court received numerous phone calls from appellant seeking to have the trial date continued because he did not have legal counsel. The court repeated its earlier position that the case would not be continued.

The case came on for trial on December 14, 1992. Respondents were present with their counsel and were ready for trial. Appellant, however, appeared without counsel and requested a continuance arguing that he was sick and unable to proceed. Appellant offered the testimony of a licensed consulting psychologist who testified that appellant had a very severe case of depression and that appellant could not participate in any kind of proceeding which required concentration or problem solving. The psychologist stated it would take at least four to six weeks for the depression to subside enough for appellant to participate.

Following the psychologist's testimony and a statement by respondents' attorney, the court stated:

This is the oldest case on our court calendar, period. There isn't anything that's older than this. I have got to take a doctor's testimony, unrebutted and accept it that he can't go forward. The case will be stricken. Since we have a witness for the plaintiff that has testified, jeopardy has

attached. As far as I know, the matter cannot be recalled and that's the end of it.

The judge then effectively terminated this matter by leaving the bench without giving appellant the option of calling his first witness and proceeding to trial.

On January 4, 1993, the trial court issued an order denying appellant's request for a continuance and dismissed the action with prejudice. The court stated the numerous delays caused by appellant's failure to obtain new counsel caused witness scheduling problems to respondents' prejudice.

Additionally, the court noted the demeanor of appellant. The court stated that when the proceedings began, appellant had his head pointed down and acted as if he could not hear or understand what was taking place. After the court announced it was going to dismiss the action, however, appellant became alert and appeared to understand everything that was said. The court concluded:

I am convinced this last minute request was not justifiably premised upon [appellant's] sickness, but instead was premised upon his earlier stated desire to have this trial continued because he had not retained legal counsel.

Accordingly, the court dismissed the action with prejudice pursuant to Minn.R.Civ.P. 41.-02(a). Judgment was entered and this appeal followed.

## ISSUES

1. Did the trial court err in denying appellant's request for a continuance?

2. Did the trial court err in dismissing appellant's action with prejudice?

3. Should portions of respondents' brief and appendix be stricken for containing materials outside the record on appeal?

## ANALYSIS

### 1. *Continuance*

■ The granting of a continuance is within the discretion of the trial court and its ruling will not be reversed absent a clear abuse of that discretion. *Weise v. Commissioner of Pub. Safety*, 370 N.W.2d 676, 678

(Minn.App.1985). The test is whether a denial prejudices the outcome of the trial. *Beyer v. Commissioner of Pub. Safety,* 358 N.W.2d 713, 715 (Minn.App.1984).

■ Appellant asserts that a continuance was necessitated by his incapacity. Ordinarily, medical incapacity is grounds for a continuance. *See, e.g., Thanos v. Mitchell,* 220 Md. 389, 152 A.2d 833, 835 (1959) (if uncontradicted evidence shows that a party is ill and unable to attend court, it is an abuse of discretion to refuse a continuance); *Feaster v. Feaster,* 359 A.2d 272, 273 (App.D.C.1976) (refusal to grant a continuance is reversible error where a party's presence is precluded by uncontested illness).

■ In the present case, appellant's incapacity is not incontrovertible. While it is true that the only expert testimony indicated appellant was unable to proceed with trial, the court was not precluded from making its own observations. The court indicated that based on appellant's demeanor and his numerous previous continuance requests, it did not believe that appellant's latest continuance request was justifiably based upon his alleged illness. This finding is not clearly erroneous. *See* Minn.R.Civ.P. 52.01.

Moreover, it appears a continuance might have been prejudicial to respondents due to various witness problems. We conclude the trial court did not abuse its discretion in denying appellant's request for a continuance.

### 2. *Dismissal*

■ The trial court dismissed appellant's action pursuant to Minn.R.Civ.P. 41.02(a) which provides:

> The court may upon its own initiative, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Use of Rule 41.02(a) is within the sound discretion of the trial court. *Bonhiver v. Fugelso, Porter, Simich & Whiteman, Inc.,* 355 N.W.2d 138, 144 (Minn.1984). An involuntary dismissal under Rule 41.02(a) will be reversed only when the trial court abused its discretion. *Id.*

Even though dismissal under Rule 41.02(a) is discretionary, the supreme court has established specific guidelines to be used by trial courts. Dismissal for failure to prosecute is appropriate

> *only when* (1) the delay prejudiced the defendants; *and* (2) the delay was unreasonable and inexcusable.

*Id.* (emphasis in original).

■ In the present case, however, we need not determine whether the delay prejudiced respondents or whether the delay was unreasonable and inexcusable because as a threshold matter, appellant was not given a meaningful opportunity to proceed to trial and prosecute his case. If appellant was physically or mentally incapacitated, he was entitled to a continuance; if he wasn't, he was entitled to go to trial.

After denying appellant's request for a continuance, the trial court was required to give appellant an opportunity to proceed to trial. The fact that appellant was not represented by an attorney does not change this result.

Appellant should have been given an opportunity to call witnesses and to present evidence in furtherance of his cause of action. Had appellant been given an opportunity to prosecute his case and then refused to do so, the trial court could have properly exercised its discretion in dismissing this action.

The trial court exhibited commendable patience with appellant, who apparently could not retain counsel. Nevertheless, we are compelled to reverse the trial court in this matter. It is essential that litigants be given a meaningful opportunity to prosecute their actions. If they do not have an attorney after having been given adequate opportunity, they must proceed pro se. Therefore, we vacate the dismissal with prejudice and remand for trial.

### 3. *Motion to Strike*

■ Appellant has moved to strike portions of respondent's brief and appendix on the ground that they contain materials out-

side the record on appeal. Respondents oppose the motion.

The record on appeal consists of: "[t]he papers filed in the trial court, the exhibits, and the transcript." Minn.R.Civ.App.P. 110.-01. In discussing the admissibility of matters not before the trial court, the supreme court has stated:

> It is well settled that an appellate court may not base its decision on matters outside the record on appeal, and that matters not produced and received in evidence below may not be considered.

There are exceptions to this rule.

*Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977) (citations omitted).

In *Mattfeld v. Nester*, 226 Minn. 106, 32 N.W.2d 291 (1948), the court upheld a trial court's post-verdict reception of letters of special administration. The court stated:

> [A]ppellate courts, in order to sustain verdicts and judgments, will permit omissions to be supplied by *documentary evidence of a conclusive nature.*

*Id.* at 123, 32 N.W.2d at 303–04 (emphasis added).

In *Moose v. Vesey*, 225 Minn. 64, 67, 29 N.W.2d 649, 652 (1947), the supreme court refused to consider evidence of a plat not received in evidence in a zoning case where the plat was inconclusive and controvertible and where it would have been received for the purpose of granting a reversal.

In the present case, the documents proffered by respondents are not of a conclusive and incontrovertible nature. The documents include affidavits from two witnesses regarding their fear about testifying, a police report concerning an alleged assault by appellant against a potential witness, and affidavits illustrating the alleged prejudice respondents have suffered due to the time delay.

This is not the type of "documentary evidence of a conclusive nature" the supreme court had in mind when deciding to allow evidence outside the record to be considered. Many of the issues raised in these documents are disputed by appellant. The proffered evidence is not conclusive and incontrovertible. Appellant's motion to strike is granted.

## DECISION

The trial court abused its discretion in dismissing appellant's action with prejudice. We vacate the dismissal and remand for trial.

**Reversed and remanded.**