STATE of Minnesota, Respondent,

v.

Laird Brando KEETON, Jr., Appellant.

No. C5–97–52.

Court of Appeals of Minnesota.

Dec. 30, 1997.

Hubert H. Humphrey III, Attorney General, James C. Backstrom, Dakota County Attorney, and Jean M. Mitchell, Assistant County Attorney, for respondent.

Leslie J. Rosenberg, Special Assistant State Public Defender, for appellant.

Considered and decided by KALITOWSKI, P.J., and SHORT and HOLTAN,* JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Laird Brando Keeton, Jr. contends the district court erred in excluding him from an in camera hearing held to determine whether appellant threatened a co-defendant into not testifying. Appellant further argues the district court erred by admitting statements of nontestifying co-defendants, claiming the statements are inadmissible hearsay and their admission violates his right to confrontation. Appellant also: (1) challenges the admission of *Spreigl*

evidence; (2) contests the imposition of consecutive sentences for attempted murder and assault; and (3) asks this court to strike the appendix to respondent's brief.

## FACTS

On January 17, 1995, the U.S. Discount Mart in West St. Paul was robbed at gunpoint. Evidence was presented that after a discussion at appellant's house about getting loot, three individuals walked to the store carrying a sawed-off shotgun and masks. Appellant allegedly waited outside the store while the other two went in. During the course of the robbery, one of the individuals shot the store clerk and threatened a customer. After the shooting, all three left the store and allegedly ran back to appellant's house.

Appellant's two co-defendants refused to testify at his trial, but their out-of-court statements were admitted into evidence. One of appellant's co-defendants alleged that appellant threatened him into not testifying. These threats by appellant were discussed when a preliminary independent use immunity hearing regarding the co-defendant's Fifth Amendment rights evolved into an in camera fact-finding hearing about threats against the co-defendant. The transcript of this proceeding, which was originally sealed, has been unsealed in response to a motion.

Only the co-defendant who claimed to be threatened and his attorney appeared before the judge. At the hearing, the judge explained to the co-defendant that he would be held in contempt if he refused to testify. As evidence of the threats, the co-defendant's attorney read part of an allegedly threatening letter that she said the co-defendant swore he received from appellant. The co-defendant's attorney also added that her client had told her that there had been many verbal threats against him in jail with the underlying message that if he testified he would die. When questioned by the judge, the co-defendant stated that he would not testify in appellant's trial because appellant had threatened him, and he feared for his safety.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

The district court allowed into evidence the threatened co-defendant's statement to the police, as well as both the second co-defendant's interview with the police and his statement at sentencing. The district court also admitted *Spreigl* evidence concerning appellant's involvement in a prior robbery.

The jury found appellant guilty on all counts. Appellant was adjudicated guilty of attempted murder in the first degree for injuring the clerk and assault in the second degree for threatening the customer. Appellant was sentenced to a term of imprisonment of 180 months for attempted murder and 36 months for assault, the sentences to run consecutively.

At the hearing on a motion for a new trial and sentencing, one of the co-defendants alleged that he received $500 from appellant to recant his original statement that inculpated appellant. Although the district court appears to have considered documents supporting this allegation, the documents were not introduced into evidence. Respondent included these documents as an appendix to its brief.

## ISSUES

1. Did the district court violate appellant's rights by excluding appellant from an in camera hearing conducted to determine if appellant threatened one of his co-defendants into not testifying?

2. Did appellant waive his constitutional right to confrontation and his right to object to hearsay when the district court found he had procured the absence of the witness by threats, necessitating the use of the witness's out-of-court statement?

3. Did the district court err by admitting out-of-court statements made by the second co-defendant to the police and during his sentencing hearing?

4. Did the district court err in admitting *Spreigl* evidence of a prior robbery?

5. Did the district court err in sentencing appellant to consecutive sentences?

6. Does the appendix to respondent's brief contain materials outside of the record on appeal?

## ANALYSIS

### I.

Appellant contends, without citing authority, that the district court committed reversible error and violated both appellant's constitutional right to confront witnesses and his right to be present during trial by excluding appellant and his counsel from the in camera hearing. We disagree.

■ In order to protect the identity of a confidential informant when deciding if there is a basis to disclose the informant's identity, Minnesota appellate courts have permitted or required an in camera hearing that excludes counsel for either party. *State v. Wessels,* 424 N.W.2d 572, 574 (Minn.App.1988), *review denied* (Minn. July 6, 1988). Similarly, here it was within the district court's discretion to protect the allegedly threatened witness.

■ The district court held this in camera hearing to address the witness's refusal to testify. When defendants procure a witness's unavailability with threats, they lose their confrontation rights. *State v. Hansen,* 312 N.W.2d 96, 104 (Minn.1981). We conclude appellant also has no right to be present at a hearing when alleged threats are revealed to the court, where his presence would provide a further opportunity to intimidate the witness. Appellant should not be allowed to take advantage of his own misconduct "to defeat the ends of justice," and thus, his right to be present is waived. *State ex rel. Shetsky v. Utecht,* 228 Minn. 44, 48, 36 N.W.2d 126, 128 (1949).

■ Additionally, even if it was error for the district court to exclude both appellant and his attorney from the in camera hearing, we find beyond a reasonable doubt that the impact of any error was harmless. *State v. Shoop,* 441 N.W.2d 475, 481 (Minn.1989). Neither the state's attorney nor appellant's attorney were present at the in camera hearing, and the district court examined the witness. There was sufficient evidence to support the district court's finding of fact that appellant threatened a co-defendant, and appellant has presented no evidence to suggest that his presence or that of counsel would

have changed that finding. Thus, we conclude appellant's and his attorney's absences from the in camera hearing did not impair appellant's defense on the merits. *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987); *Gerstein v. Pugh*, 420 U.S. 103, 122, 95 S.Ct. 854, 867, 43 L.Ed.2d 54 (1975). We further conclude that any error would not have reasonably impacted upon the jury's decision. *State v. Juarez*, 572 N.W.2d 286, 292 (Minn.1997).

■ Although appellant argues the district court erred in making a specific finding of fact that appellant threatened one of the co-defendants to keep him from testifying, findings of fact are generally not disturbed unless clearly erroneous. *Robinson v. State*, 567 N.W.2d 491, 495 (Minn.1997). Because no clear error has been shown in this case, and the finding is sufficiently supported by the evidence, the finding stands.

## II.

■ "[A] defendant who procures the absence of a witness by threats impliedly waives his right to confrontation." *Hansen*, 312 N.W.2d at 104.

The law is clear that if a witness is unavailable because of the wrongdoing of the defendant, the defendant cannot complain if other competent evidence is introduced to take the place of the witness' testimony. *State v. Black*, 291 N.W.2d 208, 214 (Minn. 1980). Because the district court found that appellant threatened one of his co-defendants and waived his right to confront that witness, the co-defendant's statement to the police is admissible in place of his testimony in court.

■ Further, we conclude that appellant has not only waived his right to confront his co-defendant, but that he has further waived his right to object to the statement as inadmissible hearsay. *United States v. White*, 116 F.3d 903, 912 (D.C.Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 390, 139 L.Ed.2d 305 (1997); *United States v. Houlihan*, 92 F.3d 1271, 1281 (1st Cir.1996),

*cert. denied*, —— U.S. ——, 117 S.Ct. 963, 136 L.Ed.2d 849 (1997); *United States v. Thevis*, 665 F.2d 616, 632–33 (5th Cir. Unit B 1982); *United States v. Balano*, 618 F.2d 624, 626 (10th Cir.1979).[1] Appellant should not be permitted to profit from his wrongdoing. Courts have commonly taken the view that "misconduct leading to the loss of confrontation rights also necessarily causes the defendant to forfeit hearsay objections." *White*, 116 F.3d at 912. "A valid waiver of the constitutional right is *a fortiori* a valid waiver of an objection under the rules of evidence." *Balano*, 618 F.2d at 626. Consistent with this rationale, we conclude appellant has waived his right to object to hearsay, and therefore we need not address appellant's claim that the threatened co-defendant's statement to the police was inadmissible hearsay.

■ Although we conclude appellant has waived his right to raise hearsay objections, our analysis does not end there. Courts have recognized that due process requires safeguards in determining whether evidence admissible as a result of waiver should be admitted. The Court of Appeals for the Eighth Circuit has expressed concern that the evidence admissible as a result of a waiver not be so unreliable or unbelievable that it violates due process by sacrificing the fairness of the trial. *United States v. Carlson*, 547 F.2d 1346, 1355, 1360, n. 14 (8th Cir. 1976). Due process is upheld when corroborative evidence indicates that the out-of-court statement was not "totally lacking" in reliability. *Thevis*, 665 F.2d at 633. Further, the basic protections of Fed.R.Evid. 403, which is the same as Minn. R. Evid. 403, are not waived by procuring a witness's absence. *United States. v. Aguiar*, 975 F.2d 45, 47 (2nd Cir.1992). Thus, we must still determine whether the probative value of the statement is substantially outweighed by its prejudicial effect.

■ Here, we conclude the co-defendant's statement to the police is sufficiently

---

1. This holding is consistent with an amendment to hearsay exceptions of the Federal Rules of Evidence, effective December 1, 1997. Fed. R.Evid. 804(b)(6) states: "Forfeiture by wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." 65 U.S.L.W. 4252 (U.S. April 11, 1997).

reliable and more probative than prejudicial. The statement is corroborated by: (1) the other statements in evidence; (2) the physical evidence; and (3) the fact that the statement inculpated the declarant. Because appellant waived his hearsay objections and the admission of the evidence is not so unfair as to offend due process, we conclude the district court did not abuse its discretion in admitting the co-defendant's statement.

## III.

■ Appellant argues that the district court erred in allowing into evidence two out-of-court statements of the other co-defendant. We disagree.

The district court allowed the statement of the second co-defendant from his sentencing hearing under Minn. R. Evid. 804(b)(5), the catch-all exception to the hearsay rule. The main conditions for admission under this exception are:

(1) The declarant must be unavailable; (2) The statement must have circumstantial guarantees of trustworthiness equivalent to the first four exceptions in Rule 804(b) [e.g. statement against interest]; (3) The statement must be offered as evidence of a material fact; (4) The statement must be more probative on the point for which it is offered than any other evidence that the proponent reasonably can procure; (5) Introduction of the statement must serve the interests of justice and the purposes of the Minnesota rules; (6) The proponent of the evidence to be offered must have given his adversary the notice required by the rule.

*Hansen,* 312 N.W.2d at 101, n. 3. When assessing the reliability of a witness's hearsay statement under the catch-all exception, the district court should consider the totality of the circumstances, such as:

"the character of the witness for truthfulness and honesty, and the availability of evidence on the issue; whether the testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; the witness' relationship with both the defendant and the government and his motivation to testify * * *; the extent to which the witness' testimony reflects his personal knowledge; whether the witness ever recanted his testimony; the existence of corroborating evidence; and the reasons for the witness' unavailability."

*State v. Stallings,* 478 N.W.2d 491, 495–96 (Minn.1991) (quoting *United States v. Snyder,* 872 F.2d 1351, 1355–56 (7th Cir.1989) (citations omitted)).

Here, the second co-defendant is considered unavailable because he "refus[ed] to testify concerning the subject matter of [his] statement despite an order of the court." Minn. R. Evid. 804(a)(2). He was granted use immunity, but still refused to testify, was held in contempt of court, and was sentenced to 90 days in jail.

The sentencing statement also has circumstantial guarantees of trustworthiness. The statement subjected the declarant to liability, so it can be inferred that he would not have made the statement unless it was true. Further, he was under oath when the statement was made, and was examined by both the court and the state. Under *Stallings,* the statement is also reliable because it is consistent with other statements and the declarant has never recanted this testimony.

The statement is offered to show the material fact that the co-defendant stood by his original statement while under oath. It also added testimony that prior to the robbery, the three co-defendants had planned to go into the store to commit a crime. This statement of planning is more succinct and specific than other evidence. Therefore, the interests of justice are served by its admission.

Having determined that a statement is admissible under the catch-all exception to the hearsay rule, we must also determine whether admission of the statement violates the defendant's constitutional right to confrontation. *Hansen,* 312 N.W.2d at 102.

A two-step analysis is required in each case to determine whether application of the hearsay exception violates the confrontation clause. First, the necessity of the hearsay declaration must be addressed. Second, the reliability of such declarations must be examined.

*Id.*

■ A statement is considered necessary if the declarant is unavailable. *Id.* The court

in *Hansen* found that the declarant's Fifth Amendment refusal to testify was sufficient to constitute unavailability for the purposes of the right to confrontation. *Id.* Similarly, because the declarant here has refused to testify, we conclude he is unavailable and his statement is necessary.

■ "Statements which are made under oath and subject to cross-examination may be sufficiently reliable to protect the values associated with the confrontation clause." *Hansen,* 312 N.W.2d at 102. Here, the sentencing statement was made under oath, the co-defendant was examined, by both the state and the judge, and the statement was sufficiently corroborated by other evidence. Giving deference to the district court's evidentiary ruling, we conclude the co-defendant's statement at sentencing was properly admitted.

■ The district court also admitted the co-defendant's statement to the police. Even if we accept appellant's argument that it was error to admit the statement, we conclude the court's evidentiary ruling was harmless error. The statement is similar to the co-defendant's properly admitted sentencing statement, and the statement to the police of the other co-defendant. *See Idaho v. Wright,* 497 U.S. 805, 823, 110 S.Ct. 3139, 3150–51, 111 L.Ed.2d 638 (1990). ("[W]e think the presence of corroborating evidence more appropriately indicates that any error in admitting the statement might be harmless * * *."). We conclude that any prejudice by the admission of the second statement would be minimal and the admission of the statement constitutes, at most, harmless error.

## IV.

■ "We will not reverse a trial court's admission of evidence of other crimes or bad acts unless an abuse of discretion is clearly shown." *State v. Doughman,* 384 N.W.2d 450, 454 (Minn.1986). The district court in this case did not abuse its discretion in allowing evidence of a prior crime.

"Generally, evidence of a prior crime or other 'bad act' is not admissible to demonstrate a criminal disposition or to prove the present charge." *State v. Buhl,* 520 N.W.2d 177, 180 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994). Evidence of prior crimes or "bad acts" evidence is known as *Spreigl* evidence. *Id.* at 181. "Minnesota law limits the use of *Spreigl* evidence because of the risk that a jury may give excessive weight to the record of defendant's prior crimes." *Id.*

> In determining the admissibility of *Spreigl* evidence, the trial court must find (1) that the evidence is clear and convincing that defendant participated in the *Spreigl* offense, (2) that the *Spreigl* evidence is relevant and material to the state's case, and (3) that the probative value of the *Spreigl* evidence is not outweighed by its potential for unfair prejudice.

*State v. DeWald,* 464 N.W.2d 500, 503 (Minn. 1991).

■ It is undisputed that the evidence against appellant for the previous robbery is clear and convincing. The court next examines the similarity of the prior crime to the present one to determine its relevance. *Buhl,* 520 N.W.2d at 181. Although the crimes need not be identical "signature" crimes, or absolutely similar, they must be similar in some way, either in time, place, or modus operandi. *Id.*

The prior crime in this case was also a robbery, committed two years earlier by appellant, his older cousin and his cousin's friend. Appellant pointed a fake gun at a laundromat clerk and took money from the register, while his older cousin watched from outside the store. The state argued that this *Spreigl* evidence showed a common scheme, plan, or purpose and possibly indicated appellant's involvement in this particular case. The state could and did use this evidence to speculate that appellant, having committed a similar offense in the past, was capable of orchestrating this crime. Because he did not actually go into the store, the state used this evidence to argue appellant was involved in aiding and abetting its commission. We conclude the district court did not err in determining the prior crime was similar enough to the present offense to be relevant to the state's case.

*Spreigl* evidence should only be admitted "when the prosecution demonstrates that, because the case against the defendant is weak, the evidence is necessary to strengthen the state's case." *Buhl,* 520 N.W.2d at 183. Here, the district court properly determined the evidence was necessary to show appellant's role in the crime; the state argued that appellant knew how to plan an armed robbery and was the architect of the crime.

The crimes are sufficiently similar, and both material and relevant to the state's case; thus, the evidence is likely more probative than prejudicial. *Id.* at 182. The prior crime was not introduced in a prejudicial manner, nor was the crime itself one that would prejudice the jury unfairly. Further, the district court gave the jury cautionary instructions on the limited use of the *Spreigl* evidence. Thus, the district court did not err in admitting the *Spreigl* evidence.

## V.

██ The district court found appellant guilty of attempted murder in the first degree with regard to the clerk and assault in the second degree with regard to the customer. Appellant argues the court erred in imposing consecutive sentences. We disagree.

Multiple sentences for multiple offenses committed as part of the same behavioral incident are generally barred by Minn.Stat. § 609.035 (1996). *State v. Norris,* 428 N.W.2d 61, 70 (Minn.1988). If, however, there are multiple victims, the district court can impose one sentence per victim as long as the multiple sentences "do not unfairly exaggerate the criminality of the defendant's conduct." *Id.* If the "sentences are all within the presumptive sentence range, this court will generally not review the trial court's exercise of its discretion." *Id.*

In a case where the defendant was charged with felony murder against one victim and assault against another, the supreme court allowed consecutive sentences because there were two separate crimes against two separate people. *State v. Mitjans,* 408 N.W.2d 824, 835 (Minn.1987). Another court found that the multiple sentences did not exaggerate the criminality of the defendant's conduct when he received consecutive sentences for

two counts of aggravated assault. *State v. Montalvo,* 324 N.W.2d 650, 651–52 (Minn. 1982). In that case, the defendant pointed the gun at one victim and shot the second victim. *Id.* at 651.

In a third case, the appellant claimed that his multiple sentences for multiple victims unfairly exaggerated his culpability because he was only passively involved in the crimes. *State v. Dukes,* 544 N.W.2d 13, 20 (Minn. 1996). The court, however, was not persuaded because the plans were made at his home, his car was used, he furnished at least one of the weapons, and he drove the getaway car. *Id.*

Because this case involved two victims with two separate injuries, the district court did not err in imposing consecutive sentences. Further, we conclude these sentences do not unfairly exaggerate the criminality of appellant's conduct.

## VI.

██ Appellant argues that this court should strike the appendix to respondent's brief. We agree.

An appendix to a brief may only contain portions of the record. Minn. R. Civ.App. P. 130.01. Further, the record on appeal is only "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings." Minn. R. Civ.App. P. 110.01. "Only matters before the trial court may be considered by the reviewing court." *In Re Conservatorship of Foster,* 535 N.W.2d 677, 684 (Minn.App.1995), *aff'd,* 547 N.W.2d 81 (Minn. 1996). An appellate court "may not consider matters not produced and received in evidence below." *Thiele v. Stich,* 425 N.W.2d 580, 583 (Minn.1988).

"The court will strike documents included in a party's brief that are not part of the appellate record." *Fabio v. Bellomo,* 489 N.W.2d 241, 246 (Minn.App.1992), *aff'd,* 504 N.W.2d 758 (Minn.1993). This court has stated that there are exceptions to this rule: " '[A]ppellate courts, in order to sustain verdicts and judgments, will permit omissions to be supplied by *documentary evidence of a conclusive nature.*' " *Chahla v. City of St. Paul,* 507 N.W.2d 29, 33 (Minn.App.1993),

*review denied* (Minn. Jan. 20, 1994) (quoting *Mattfeld v. Nester,* 226 Minn. 106, 32 N.W.2d 291 (1948)). The *Chahla* court did not allow evidence from outside the record because it found that many of the issues raised in the offered documents were disputed and the evidence was "not conclusive and incontrovertible." *Chahla,* 507 N.W.2d at 33.

The documents at issue cannot be considered part of the record because they were not introduced into evidence. They are unnecessary to sustain the verdict. Further, the documents are inconclusive because there are disputes regarding the issue. Therefore, we grant appellant's motion to strike the appendix to respondent's brief.

## DECISION

We affirm the district court's admission of the out-of-court statement of the co-defendant because, by threatening his co-defendant, appellant waived his right to confrontation and his right to object to hearsay. We also affirm: (1) the admission of the sentencing statement of the other nontestifying co-defendant; (2) the admission of the *Spreigl* evidence; and (3) the imposition of consecutive sentences. Appellant's motion to strike the appendix to respondent's brief is granted.

**Affirmed, motion to strike granted.**