*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0868**

Wells Fargo Bank, N.A.,
Respondent,

vs.

Scott H. Lansing,
Appellant,

John Doe and Mary Rowe,
Defendants.

**Filed February 9, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-13-11182

Ellen B. Silverman, Hinshaw & Culbertson LLP, Minneapolis, Minnesota (for respondent)

Scott Lansing, Minnetonka, Minnesota (pro se appellant)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

On appeal in this mortgage-related dispute, pro se appellant argues that (1) the district court should not have let appellant's attorney withdraw from the case; (2) the district court should not have granted summary judgment to respondent; and (3) respondent failed to satisfy Minn. Stat. § 582.043 (2012). We affirm.

## FACTS

On August 25, 2004, appellant Scott Lansing executed and delivered a note to World Savings Bank in the principal amount of $203,500. At the same time, appellant executed and delivered to World Savings Bank a mortgage to secure repayment of the indebtedness. In 2007, World Savings Bank changed its name to Wachovia Mortgage. In 2009, Wachovia Mortgage merged into Wells Fargo Bank, National Association (Wells Fargo). Wells Fargo is the respondent in this appeal and currently the holder of the note.

Appellant has failed to make monthly mortgage payments since November 15, 2009, and has defaulted under the terms of the note and mortgage. In July 2013, Wells Fargo began foreclosure proceedings by judicial action against appellant. Wells Fargo served discovery requests on appellant, but appellant did not respond. Appellant served discovery requests on Wells Fargo, and Wells Fargo filed timely objections to appellant's requests.

On January 3, 2014, Wells Fargo moved for summary judgment. On January 12, appellant's attorney withdrew from the case. On January 31, the district court held a

2

hearing on Wells Fargo's summary judgment motion. On March 20, the district court granted summary judgment against appellant. This appeal follows.

## D E C I S I O N

Appellant challenges the district court's grant of summary judgment. "On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011).

### I.

Appellant argues that the district court erred by allowing his counsel to withdraw from the case and abused its discretion by denying his request for a continuance. We disagree. This court reviews the district court's denial of a motion for a continuance for abuse of discretion. *Dunham v. Roer*, 708 N.W.2d 552, 572 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006). "The test is whether a denial prejudices the outcome of the trial." *Chahla v. City of St. Paul*, 507 N.W.2d 29, 32 (Minn. App. 1993), *review denied* (Minn. Jan. 20, 1994).

Minn. R. Gen. Pract. 105 states:

> After a lawyer has appeared for a party in any action, withdrawal will be effective only if written notice of withdrawal is served on all parties who have appeared, or their lawyers if represented by counsel, and is filed with the court administrator if any other paper in the action has been filed. The notice of withdrawal shall include the address and phone number where the party can be served or notified of matters relating to the action.

The district court is not required to approve the withdrawal. *Id.* Appellant's attorney withdrew from this case 19 days before the summary judgment hearing. He followed the requirements set forth in Minn. R. Gen. Pract. 105 by serving a written notice of withdrawal on the necessary parties. The notice includes appellant's address and phone number and states that all future correspondences should be sent to him. Therefore, we conclude that the district court did not err by allowing appellant's attorney to withdraw from the case.

Appellant also argues that the district court erred by not granting his request for a continuance after his attorney withdrew from the case. Wells Fargo moved for summary judgment on January 3, 2014. Appellant's attorney filed his notice of withdrawal on January 12. Appellant did not contact the district court until 12 days later on January 24. He wrote a letter to the district court discussing his issues with his former trial counsel, but did not specifically request a continuance. And even if he did request a continuance, rule 105 clearly states that "[w]ithdrawal of counsel does not create any right to continuance of any scheduled trial or hearing." Minn. R. Gen. Pract. 105. Consequently, we conclude that the district court did not abuse its discretion in denying a request for a continuance.

**II.**

Appellant next argues that Wells Fargo "brought a [s]ummary [j]udgment [m]otion without providing [a]ppellant with answers and documents to [d]iscovery [r]equests," and "Wells Fargo's complete lack of compliance with [d]iscovery [r]equests should never have been allowed." We disagree.

4

The proper mode for objecting to discovery violations is a motion to compel during pretrial proceedings. *See* Minn. R. Civ. P. 37.01. Under Minn. R. Civ. P. 37.01(b)(2), a party may request an order compelling discovery in the event of incomplete or nonresponsive discovery responses. The district court has wide discretion to issue discovery orders and, absent a clear abuse of that discretion, its discovery orders will not be disturbed. *In re Comm'r of Pub. Safety*, 735 N.W.2d 706, 711 (Minn. 2007).

While represented by counsel, appellant served discovery requests on Wells Fargo. On January 2, 2014, Wells Fargo responded to appellant's requests and made timely objections to appellant's discovery requests. At the summary judgment hearing, appellant told the court that Wells Fargo had not answered any of his discovery requests. Wells Fargo clarified for the district court that it did, in fact, respond to appellant's discovery requests and placed its objections on the record. Appellant did not file a motion to compel or take any further action. Because Wells Fargo responded to appellant's discovery requests and because appellant did not request a motion to compel discovery, we conclude that the district court did not err in this respect.

**III.**

Appellant finally argues that Minn. Stat. § 582.043 required Wells Fargo to stop foreclosure proceedings against him. Again, we disagree.

Appellant did not raise this claim in district court. Generally, an appellate court will not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). And in arguing that Wells Fargo was required to cease foreclosure proceedings, appellant relies on documents that are not part of the

5

record on appeal.  *See* Minn. R. Civ. App. P. 110.01 (stating that the record on appeal consists of "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any.").

Even if this issue was properly before this court, appellant's claim is not persuasive.  Under Minn. Stat. § 582.043, subd. 5(2), after receiving a request for a loan modification or other loss-mitigation option, a servicer must (1) "exercise reasonable diligence in obtaining documents and information from the mortgagor to complete a loss mitigation application," (2) "facilitate the submission and review of loss mitigation applications," and (3) "give the mortgagor a reasonable amount of time to provide the required documents."  When a servicer receives a loss-mitigation application, it must halt foreclosure proceedings until the application has been processed.  Minn. Stat. § 582.043, subd. 6.

There is no evidence in the record indicating that appellant completed or submitted a loss-mitigation application to Wells Fargo.  Appellant claims that "Wells Fargo received the modification documents by fax on November 21, 2013."  But appellant relies on a fax cover sheet and confirmation sheet to show that he submitted such an application.  The actual loss-mitigation application is not attached to the cover sheet.  We cannot discern from the record what was sent to Wells Fargo.  Because there is no evidence in the record to support appellant's claim, there is no evidence to suggest that Wells Fargo was required to stop foreclosure proceedings.

**Affirmed.**