*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1566**

OSK III, LLC,
Respondent,

vs.

HLI, LLC, et al.,
Defendants,

Timothy J. Lambrecht,
Appellant.

**Filed March 23, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CV-14-735

Allen E. Christy, Patrick C. Summers, DeWitt Mackall Crounse & Moore S.C., Minneapolis, Minnesota (for respondent)

Timothy J. Lambrecht, Medina, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Kirk, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**REILLY**, Judge

Appellant Timothy Lambrecht challenges the entry of summary judgment against him, arguing that the district court erred by denying his request for a continuance.

Because the district court did not abuse its discretion by denying the continuance, we affirm.

## FACTS

In August 2006, the Port Authority of the City of Saint Paul (Port Authority) and HLI, LLC, a Minnesota limited liability company, executed a loan agreement. Port Authority then assigned the loan to Business Loan Conduit (BLC). Appellant, Joseph Hanson, and InCompass, Inc., served as guarantors for the loan.[1] The principal amount of the loan was $1.4 million. A real estate mortgage secured the debt created by the loan agreement, and HLI recorded the mortgage in the Ramsey County recorder's office. The mortgage encumbered a multi-unit commercial office building and the surrounding real property owned by HLI. HLI failed to pay the monthly payments and interest due under the loan since March 2012. HLI also failed to pay real property taxes due during 2008 and the following years. These failures constituted a "default" under the terms and conditions of the mortgage.

In July 2012, BLC initiated a judicial foreclosure action and served appellant and the other defendants with a summons and complaint. In the complaint, BLC alleged that HLI failed to make the monthly installment payments, and failed to or refused to pay real property taxes dating back to 2008. HLI, Lambrecht, and InCompass served a joint answer on BLC, but the answer was never filed with the court.

---

[1] Although HLI, Lambrecht, Hanson, InCompass, XYZ Corporation, John Doe, and Jane Doe are all named parties, this appeal involves only Lambrecht. Appellant and Hanson were the only parties to appear at the summary-judgment hearing. The district court entered default judgment against Hanson, XYZ, John Doe, and Jane Doe, and these parties did not appeal.

In February 2014, BLC assigned its rights and interests in the loan agreement to National New Markets Tax Credit Fund I, L.P (NNMTCF). On March 12, 2014, BLC moved for summary judgment pursuant to Minn. R. Civ. P. 56 and default judgment pursuant to Minn. R. Civ. P. 55. A summary-judgment hearing was scheduled for April 16, 2014. On March 24, 2014, counsel for appellant HLI and InCompass withdrew. Appellant's counsel did not file a formal notice of withdrawal with the court. On March 28, 2014, NNMTCF assigned its rights and interests in the loan agreement to respondent OSK III. Respondent's attorneys, Allen Christy and Patrick Summers, also represented BLC and continued to represent OSK.

Appellant sought a continuance of the April 16 summary-judgment hearing. OSK opposed the continuance. On April 1 and 2, the district court informed appellant that he would need to file a formal motion for a continuance. Appellant did not file a motion for a continuance or a response to the summary-judgment motion.

At the summary-judgment hearing, both appellant and Hanson appeared pro se. When asked by the district court why the record did not contain a response to the summary-judgment motion, appellant informed the court that he did not file a response to respondent's motion for summary judgment because "there was no way [appellant] had enough time to replace counsel." Appellant stated that he had contacted the judge's staff on March 31 to request a continuance. The district court then explained to appellant:

> And what the response [to your e-mail request] said was that I
> don't consider continuance requests made informally by e-
> mail or with a phone call. If the request is contested –
> sometimes the attorneys will agree or the parties will agree on
> a continuance. If it's contested, I need to have a motion for a

3

continuance. So that information was passed along to you, and I do not see any motion for a continuance that was filed with the Court as a result of that communication to you.

When asked by the court if the attorneys appellant interviewed could have filed a motion for continuance, appellant told the court that "[n]one of them wanted to touch – I didn't want to pay them to work through the night, to even work on it at that point. I was frustrated, but I – I just couldn't afford to do it at that time."

The court then asked appellant what attempts he made to find substitute counsel. Appellant informed the court that, on the day his former counsel withdrew, he "immediately picked up the phone and called an attorney, and he had asked me to send him all of the documents." Appellant later sent the attorney another e-mail on April 1, asking if there was any "movement on this." At this point, the attorney told him he did not have time "to work over the weekends and nights for you on this one." Appellant also claimed that he called three or four other attorneys on March 25. But these attorneys "didn't feel right to [him] that they were – you know, that they were really real estate attorneys." Appellant finally found an attorney with whom he was satisfied, and the attorney told appellant that he would "likely take it if [appellant] [could] get the continuance, because, again, you know, dishing money out for double-time for these attorneys is not something I'm in a position to do right now."

The district court then clarified that "there's been no answer by any party or no responsive pleading that's been filed." And when asked by the district court what factual issues existed, appellant replied, "[W]e should never have been coerced to sign the contracts. We know for a fact, beyond a doubt, that there's documents that [respondent]

4

has in [its] hands that show that we did not qualify for this loan." Respondent opposed appellant's oral request for a continuance. Counsel for respondent explained that the resulting prejudice from a continuance would be the payment of property taxes that will become due. In May 2013, property taxes for the encumbered property were around $56,000, and counsel presumed that the 2014 taxes would be in the same range.

The district court issued an order on May 20, 2014, denying appellant's motion for a continuance, granting summary judgment against appellant and entering default judgment against Hanson, XYZ, John Doe, and Jane Doe. This appeal follows.

**D E C I S I O N**

Appellant argues that the district court abused its discretion by denying his request for a continuance to obtain counsel after his previous attorney withdrew from the case.[2] This court reviews the district court's denial of a motion for a continuance for an abuse of discretion. *Dunham v. Roer*, 708 N.W.2d 552, 572 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006). Minn. R. Gen. Pract. 105 provides that the "[w]ithdrawal of counsel does not create any right to continuance of any scheduled trial or hearing." The advisory-committee comment clarifies that "withdrawal or substitution of counsel may be

---

[2] In his reply brief, appellant challenges the district court's grant of summary judgment and raises issues related to the loan transaction, due process, and federal law. Appellant did not make these arguments in his principal brief. Accordingly, the arguments in appellant's reply brief are not properly before the court and will not be considered on appeal. *See Wood v. Diamonds Sports Bar & Grill, Inc.*, 654 N.W.2d 201, 704, 707 (Minn. App. 2002) ("If an argument is raised in a reply brief but not raised in an appellant's main brief, and it exceeds the scope of the respondent's brief, it is not properly before this court and may be stricken from the reply brief."), *review denied* (Minn. Feb. 26, 2003).

part of a set of circumstances justifying the exercise of the court's discretion to grant a continuance." Minn. R. Gen. Pract. 105 1997 comm. cmt.

The district court has a duty to ensure fairness to a pro se litigant by allowing reasonable accommodations so long as there is no prejudice to the adverse party. *Kasson State Bank v. Haugen*, 410 N.W.2d 392, 395 (Minn. App. 1987). Nevertheless, while the court may make some accommodations for a pro se party, a pro se party is "generally held to the same standard as attorneys and must comply with court rules." *Black v. Rimmer*, 700 N.W.2d 521, 527 (Minn. App. 2005).

Appellant primarily relies on *Weise v. Comm'r of Pub. Safety*, 370 N.W.2d 676, 678 (Minn. App. 1985), and *Haugen* to support his argument. Although in both *Weise* and *Haugen* this court held that the district court abused its discretion by denying a continuance, in these cases the litigants had either just a day's notice or no notice of the event triggering the continuance request. *Weise*, 370 N.W.2d at 678; *Haugen*, 410 N.W.2d at 395. Here, appellant had notice of the summary-judgment hearing on March 12, 2014, and his attorney withdrew on March 24. Appellant had 17 business days to secure new counsel or file a motion for a continuance. Although appellant requested a continuance, he did so informally by e-mailing the court after he was informed that he needed to file a formal motion because the continuance was contested.

Appellant also testified that he made a diligent effort to find alternative counsel, but that he was unable to find suitable counsel before his summary-judgment response was due. The district court found that appellant's actions did not constitute a diligent effort. The district court noted that when appellant "was asked about what efforts he had

6

made to retain counsel, he stated that he had interviewed several attorneys, but had not hired one because of high hourly rates, what he believed to be insufficient real estate experience, or his busy travel schedule." The district court concluded that appellant "failed to establish good cause for a continuance, did not demonstrate adequate diligence in seeking replacement counsel, and did not demonstrate significant prejudice to his interests if his oral motion was denied." Moreover, the record reveals that, in the two-plus years since the initiation of this lawsuit, appellant failed to conduct any discovery.

Based on the record, the district court did not abuse its discretion in denying appellant's informal oral motion for a continuance. Appellant's failure to secure an attorney before the summary-judgment hearing was largely due to financial concerns and not due to a lack of time or notice. The district court informed appellant of the proper procedure to file a continuance, and he failed to follow the district court's directions.

**Affirmed.**