**PALLADIUM HOLDINGS,
LLC, Appellant,**

v.

**ZUNI MORTGAGE LOAN TRUST
2006–OA1, Respondent.**

**No. A09–489.**

Court of Appeals of Minnesota.

Nov. 24, 2009.

John G. Westrick, Westrick & McDowall–Nix, St. Paul, MN, for appellant.

Lawrence A. Wilford, Christina M. Weber, Robert Q. Williams, Wilford & Geske, P.A., Woodbury, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; SCHELLHAS, Judge; and LARKIN, Judge.

## OPINION

SCHELLHAS, Judge.

In this redemption dispute following foreclosure by advertisement of a townhome-association lien, appellant challenges the district court's order granting respondent's motion to vacate a five-week redemption order issued under Minn.Stat. § 582.032 (2008). Appellant argues that: (1) rule 60.02 does not apply to a five-week redemption order obtained under the 2008 amendment to Minn. Stat. § 582.032, subd. 7; (2) the *Finden* factors did not support the vacation of the five-week redemption order; and (3) the district court abused its discretion by accepting untimely affidavits. We affirm.

## FACTS

Appellant Palladium Holdings, LLC (Palladium) foreclosed by advertisement a townhome-association lien for unpaid association dues. The sheriff's sale was held on September 4, 2008. On August 25, 2008, Palladium filed a summons and complaint, seeking to reduce the townhome-association lien-foreclosure redemption period from six months to five weeks. Palladium alleged that respondent Zuni Mortgage Loan Trust (Zuni) is a foreign loan trust that acquired its interest in the subject townhome (the townhome) through a limited warranty deed delivered by the purchaser of the sheriff's certificate at a sheriff's sale in the foreclosure by advertisement of a first mortgage against the townhome. The summons directed Zuni to appear before the district court on September 11, 2008, at 3:00 p.m.

To support its request for a reduced redemption period, Palladium submitted several affidavits: (1) Steven Schweizer's "AFFIDAVIT OF NOT FOUND," signed September 2, 2008, stating that he attempted to serve Zuni at 304 Ridgewood Avenue, Minneapolis (the address of the townhome) and was unable to locate Zuni there "or locate a business or alternative address in the County of Hennepin, for the purpose of effecting personal service of process"; (2) Steven Schweizer's "AFFIDAVIT OF POSTING," signed September 2, 2008, stating "that personal service of the summons and complaint ... was un-

able to be made and therefore, I went upon the land and premises commonly known [as] 304 Ridgewood Avenue . . . and posted the Summons and Complaint on September 1, 2008, . . . in a conspicuous place and on all accessible exterior entrances"; (3) "AFFIDAVIT OF SERVICE BY BOTH U.S. MAIL AND CERTIFIED MAIL," signed by Michelle Glass, on September 2, 2008, stating that the Summons and Complaint were mailed on September 2, 2008, by "United States mail" and "By Certified mail" "addressed as follows:

> Countrywide Home Loans, Inc. ptxc35
> 7105 Corporate Drive
> Plano, TX 75024";

(4) "Affidavit of Troy Van Beek," an attorney for Palladium, signed on September 3, 2008, stating that the real property was "vacant and abandoned," that Zuni "has not requested access to the premises," and that "[b]ecause the property is vacant and abandoned and [Zuni] cannot be located in the County of Hennepin, [Palladium] has posted the Summons and Complaint in a conspicuous place on the real property and also mailed the Summons and Complaint via us mail and certified mail to the last known address of [Zuni]"; and (5) "AFFIDAVIT OF JOE YURECKO," "an authorized officer of [Palladium]," signed on September 3, 2008, stating, among other things, that: "The property is vacant and/or abandoned"; and "No party has requested entrance to the premises from me. There are no utilities to the property. There are no personal effects in the property. It is abandoned"; and "this Affidavit is made in connection with [Palladium]'s request to reduce the redemption period to five weeks."

On September 9, 2008, Palladium filed an amended summons that directed Zuni to appear before the district court on September 25, 2008, at 3:00 p.m., and filed additional affidavits including: (1) "AFFI-DAVIT OF NOT FOUND," signed by Steven Schweizer on September 9, 2008, stating that he attempted to serve the amended summons and a copy of the complaint on Zuni at the townhome address and could not locate Zuni there or locate a business or alternative address in Hennepin County; (2) "AFFIDAVIT OF POSTING," signed by Steven Schweizer on September 9, 2008, stating that, on September 9, 2008, he posted the amended summons and complaint "in a conspicuous place and on all accessible exterior entrances to the premises" at the townhome address; (3) "AFFIDAVIT OF SERVICE BY BOTH U.S. MAIL AND CERTIFIED MAIL," signed by Michelle Glass on September 9, 2008, stating that, on September 9, 2008, she mailed the Summons and Complaint by "United States mail" and "By Certified mail" "addressed as follows:

> Zuni Mortgage Loan Trust 2006–OA1,
> C/O Countrywide Home Loans, Inc. ptxc35
> 7105 Corporate Drive
> Plano, TX 75024";

(4) "AFFIDAVIT OF NOT–FOUND," signed by Steven Schweizer on September 25, 2008, stating that on September 9, 2008, he attempted to serve the amended summons and a copy of the complaint on Zuni at the townhome address and could not locate Zuni there or locate a business or alternative address in Hennepin County; (5) "AFFIDAVIT OF POSTING," signed by Steven Schweizer on September 25, 2008, stating that he posted the amended summons and complaint "in a conspicuous place and on all accessible exterior entrances to the premises" at the townhome address on September 9, 2008; and (6) "AFFIDAVIT OF SERVICE BY BOTH U.S. MAIL AND CERTIFIED MAIL," signed by Michelle Glass on September 25, 2008, stating that, on September 9, 2008, "she served upon the above

captioned Defendant, Zuni Mortgage Loan Trust 2006–OA1," the Summons and Complaint by "United States mail" and "By Certified mail" "addressed as follows:

Zuni Mortgage Loan Trust 2006–OA1,

C/O Countrywide Home Loans, Inc. ptxc35

7105 Corporate Drive

Plano, TX 75024."

The affidavits signed on September 25, 2008, include the district court case caption.

On September 25, 2008, without noting the parties' appearances or lack thereof, the district court[1] issued an order finding, among other things, that the townhome is "abandoned" and that "[a]ll statutory provisions have been complied with including Minn.Stat. 582.032," and reducing "[Zuni]'s redemption period from the September 4, 2008, Sheriff sale on the association lien" "to five weeks from the date of th[e] Order." The parties do not dispute that Zuni did not appear at the hearing on September 25, 2008.

On February 10, 2009, Zuni filed a motion to reopen and vacate the September 25, 2008 five-week redemption order. Zuni asserted that the five-week redemption order was obtained "as the result of surprise, misrepresentation, and misconduct on the part of [Palladium]." In support of its motion, Zuni filed an affidavit from Jim Angle, a realtor hired by Countrywide Home Loans to inspect, monitor, and market the townhome. In his affidavit, Angle stated that he or his agents were in exclusive control of the townhome from the date of the listing agreement with Countrywide, June 6, 2008, until October 10, 2008, the date that Countrywide notified Angle that it would auction the prop-

erty. Angle also stated that "[a]lthough the Property stood vacant, it was never abandoned—Affiant managed, inspected, and marketed the property." Angle also stated that the townhome was listed on MLS; a for-sale sign was placed on the front lawn; a lockbox was placed on the townhome door; no one other than Angle or his agents had access to the property; Angle paid electric bills for the townhome on behalf of Zuni; and the townhome was shown 21 times between June 12, 2008 and October 6, 2008. Angle also stated that he inspected the townhome on a bi-weekly basis and at no point between May 2008 and October 10, 2008, did "any party . . . ever assert possession or control over the Property"; Angle never saw, and no one ever mentioned, a summons and complaint posted at the townhome; no posted notices regarding this legal action were found when the townhome was inspected; and neither Palladium nor its agents contacted Angle or requested access to the townhome.

Zuni also filed a memorandum of law in support of its motion in which its counsel noted that the correct address for Zuni is set forth on its limited warranty deed on file in the Office of the Hennepin County Recorder as Document No. 9150515, as follows:

Zuni Mortgage Loan Trust 2006 OA1

c/o Countrywide Home Loans, Inc.

7105 Corporate Drive

PTX–C–35

Plano, TX 75024.

On February 27, 2009, Zuni fax-filed two additional affidavits, one from Kevin Dunlevy and one from Kirsten Braithwaite. In his affidavit, Dunlevy stated that, at the request of Minnesota State Senator Hig-

---

**1.** The district court judge who signed this order is a different judge than the judge who heard and granted Zuni's later motion.

gins, he wrote the 2008 amendment to Minn. Stat. § 582.032, and that the statute was not intended to take properties from corporate lenders that have foreclosed and are actively marketing and maintaining property. In her affidavit, Braithwaite, an employee of Countrywide, stated that she manages "servicing and litigation aspects of properties on behalf of [Zuni]," and she attached several records related to winterization of the townhome.

On March 2, 2009, at the hearing on Zuni's motion to vacate, Zuni argued that it did not receive the pleadings and did not have actual notice of Palladium's action to reduce the redemption period until Zuni's counsel was notified by a third party that the five-week redemption period had expired. Palladium asked that the Dunlevy and Braithwaite affidavits be stricken and argued that Dunlevy's affidavit was inadmissible.

The district court vacated the September 25, 2008 order. The district court did not address the affidavits of Dunlevy and Braithwaite. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion in vacating the September 25, 2008 five-week redemption order?

II. Did the district court abuse its discretion by not striking the affidavits of Dunlevy and Braithwaite?

## ANALYSIS

### I. Vacation of September 25, 2008 Five–Week Redemption Order

A court may relieve a party from a final judgment, order, or proceeding based on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Minn. R. Civ. P. 60.02. The motion must be made "within a reasonable time," and, if made for any of the first three listed reasons, must not be made more than one year after the judgment, order, or proceeding was entered or taken. *Id.*

"Whether the judgment should be opened is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless such discretion is abused." *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). But the district court's discretion is not "unlimited." *Northland Temps., Inc. v. Turpin,* 744 N.W.2d 398, 402 (Minn. App.2008), *review denied* (Minn. Apr. 29, 2008). "[T]he supreme court has held that, 'if the trial court has acted under a misapprehension of the law,' the decision will be reversed on appeal even though the opening of a default judgment 'lies almost wholly within the sound discretion of the trial court.'" *Id.* (quoting *Sommers v. Thomas,* 251 Minn. 461, 469, 88 N.W.2d 191, 196–97 (1958)). "Similarly, when the district court's reasons are based on facts not supported by the record, the determination will not be sustained." *Id.* at 402–03.

The district court's discretion is also limited by factors applied in *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964), which are used to analyze rule 60.02 motions. *Id.* (citing *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952), which states factors quoted in *Finden* ). Under the *Finden* factors, the court should grant relief under rule 60 where the defendant: (1) has a reasonable defense on the merits; (2) has a reasonable excuse for his failure or neglect to answer; (3) has acted with due diligence after notice of the entry of

the judgment; and (4) shows that no substantial prejudice will result to the other party. 268 Minn. at 271, 128 N.W.2d at 750. The moving party bears the burden of showing that the *Finden* factors are satisfied, and a weak showing on one factor may be offset by a strong showing on the other factors. *Imperial Premium Fin., Inc. v. GK Cab Co.,* 603 N.W.2d 853, 857 (Minn.App.2000).

Appellant argues that the *Finden* factors were not satisfied in this case and that the district court abused its discretion in granting Zuni's motion to vacate and reopen.

### A.  Reasonable Defense on the Merits

■■■■  "A reasonable defense on the merits is one that, if established, provides a defense to the plaintiff's claim." *Northland Temps.,* 744 N.W.2d at 403. "Specific information that clearly demonstrates the existence of a debatably meritorious defense satisfies this factor." *Id.*

In this case, the action to reduce the redemption period to five weeks was based on Minn.Stat. § 582.032, subd. 7. Section 582.032 applies to mortgage foreclosures, Minn.Stat. § 582.032, subd. 1 (2008), and a lien for unpaid association fees and dues may be foreclosed in the same manner as a mortgage, Minn.Stat. § 515B.3–116(h)(1) (2008).

Palladium argues that Zuni did not present a reasonable defense on the merits because (1) Zuni failed to appear at the hearing and (2) Palladium presented a prima facie case of abandonment that Zuni did not adequately oppose.

### *Zuni's Non–Appearance at Hearing*

■■  Zuni did not appear at the hearing on September 25, 2008. The 2008 version of Minn.Stat. § 582.032, subd. 7, provides that "[a] defendant's failure to appear at the hearing after service of process in compliance with subdivision 6 is conclusive evidence of abandonment by the defendant." *Id.* The legislature added this language in 2008 and provided that subdivision 7 is effective for hearings conducted on or after April 5, 2008. 2008 Minn. Laws. ch. 178, §§ 1–2, at 288. Palladium relies on this language to assert that Zuni could not have had a reasonable defense on the merits because it was served with the summons and complaint and failed to appear. We disagree with Palladium's reading of the 2008 amendment.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." *Id.* A statute is ambiguous when its language is subject to more than one reasonable interpretation. *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000).

Palladium reads the 2008 amendment to mean that if a defendant fails to appear after service, the defendant, as a matter of law, has no reasonable defense on the merits. According to Palladium's interpretation of the 2008 amendment, the legislature implicitly exempted a five-week redemption order from application of rule 60.02 relief, when the order is based on non-appearance of a defendant. Also, according to Palladium's interpretation, only five-week redemption orders based on a defendant's non-appearance would escape application of rule 60.02 relief; five-week redemption orders based on affidavits or other evidence would be subject to rule 60.02 relief as long as a defendant made an appearance. Such an interpretation of the 2008 amendment would constitute a significant change in the law, and no ex-

plicit language in the amendment effects this change. And nothing in the language of section 582.032, subdivision 7, suggests a legislative intent to exempt from application of rule 60.02 five-week redemption orders issued on the basis of a defendant's non-appearance. Palladium's interpretation of the statute goes beyond the statute's plain meaning, and we therefore conclude that rule 60.02 applies to five-week redemption orders granted under the 2008 amendment.

Zuni cites a 2009 amendment in opposition to Palladium's position. In 2009, the legislature amended section 582.032, subdivision 7, to state: "A defendant's failure to appear at the hearing after service of process in compliance with subdivision 6 is conclusive evidence of abandonment by the defendant, *subject to vacation under Rule 60.02 of the Minnesota Rules of Civil Procedure.*" 2009 Minn. Laws ch. 123, § 13, at 1838 (emphasis added). This amendment is effective May 21, 2009, "and applies to orders issued *before,* on, or after the effective date." *Id.* at 1838, 1842 (emphasis added). Palladium argues that its right to the property vested after the five-week redemption period expired on October 30, 2008, and that the legislature cannot use a retroactive statute to take away vested rights. Because we conclude that the 2008 amendment is subject to rule 60.02 and because we do not base our decision on the 2009 amendment, we do not address Palladium's vested-rights argument.

### *Palladium's Burden to Present a Prima Facie Case and Zuni's Rebuttal*

Section 582.032, subdivision 7, provides that a court shall enter an order reducing the mortgagor's redemption period "if evidence is presented supporting the allegations in the complaint or motion and no appearance is made to oppose the relief sought." Subdivision 7 further provides that an affidavit "by the sheriff or a deputy sheriff of the county in which the mortgaged premises are located, or of a building inspector, zoning administrator, housing official, or other municipal or county official having jurisdiction over the mortgaged premises," stating that the premises "are not actually occupied" and stating any fact from a list included in the statute, will provide prima facie evidence of abandonment. Minn.Stat. § 582.032, subd. 7. The list of facts includes, among other things, that "gas, electric, or water service to the premises has been terminated" or that "doors to the premises are smashed through, broken off, unhinged, or continuously unlocked." *Id.,* subd. 7(2), (3). Prima facie evidence of abandonment may also be provided by an affidavit of the party foreclosing the mortgage or holding the sheriff's certificate or by one of its agents or contractors, stating any of the listed facts "and that the affiant has changed locks on the mortgaged premises . . . and that for a period of ten days no party having a legal possessory right has requested entrance to the premises." *Id.,* subd. 7.

On appeal, Palladium argues that it presented a prima facie case of abandonment. We disagree. To present prima facie evidence of abandonment, Palladium did not provide an "affidavit by the sheriff or a deputy sheriff of the county in which the mortgaged premises are located, or of a building inspector, zoning administrator, housing official, or other municipal or county official having jurisdiction over the mortgaged premises," stating that the premises "are not actually occupied" and stating any fact from the list included in the statute. Minn.Stat. § 582.032, subd. 7. Instead, Palladium provided an affidavit of its authorized officer to present prima facie evidence of abandonment. Using this affidavit to present prima facie evidence of

abandonment, section 582.032, subdivision 7, requires that the affiant state that locks have been changed. But Palladium's affiant did not state that locks had been changed and therefore did not provide prima facie evidence of abandonment. Additionally, Zuni's allegations, including that the realtor placed a lockbox on the townhome and showed the townhome for sale 21 times, undermine Palladium's allegations of abandonment. Because Palladium did not present prima facie evidence of abandonment and because Zuni's factual assertions tend to suggest that the townhome was not abandoned, the district court correctly concluded that Zuni presented a reasonable defense on the merits.

### B. Reasonable Excuse for Failure or Neglect to Answer

■ The district court found that Zuni had a reasonable excuse for failing to answer because the address to which Palladium sent Zuni the summons and complaint by certified mail was incomplete. Palladium argues that Zuni did not meet its burden of proof to show that service of process was not complete.

Section 582.032 requires that the summons be served "at least seven days before the appearance date, in the manner provided for service of a summons in a civil action in the district court." Minn.Stat. § 582.032, subd. 6 (2008). "If the defendant cannot be found in the county, the summons . . . may be served by sending a copy by certified mail to the defendant's last known address, if any, at least ten days before the appearance date." *Id.* The summons must also be "posted in a conspicuous place on the mortgaged premises not less than seven days before the appearance date." *Id.* "If personal or certified mail service cannot be made on a defendant, then the plaintiff or plaintiff's attorney may file an affidavit to that effect with the court and service by posting the summons . . . on the mortgaged premises is sufficient as to that defendant." *Id.*

Zuni argued before the district court that both addresses to which Palladium mailed the pleadings were incorrect. Zuni argued before the district court and now argues on appeal that the correct mailing address is set forth on the limited warranty deed filed in the Office of the Hennepin County Recorder as Document No. 9150515. Zuni did not provide the district court with a copy of the limited warranty deed. Though the record on appeal consists of the papers filed in the district court, the exhibits, and the transcript, and generally an appellate court may not base its decision on matters outside the record, appellate courts may, in order to sustain verdicts and judgments, permit omissions to be supplied by documentary evidence of a conclusive nature. *Chahla v. City of St. Paul,* 507 N.W.2d 29, 33 (Minn.App.1993), *review denied* (Minn. Jan. 20, 1994). Upon our request, Zuni produced a copy of the limited warranty deed, which provides that tax statements should be mailed to the following address:

Zuni Mortgage Loan Trust 2006–OA1

c/o Countrywide Home Loans, Inc

7105 Corporate Drive

PTX–C–35

Plano, TX 75024

Document ID# : 00056614060MN35

Because the address to which Palladium mailed the pleadings is not the same as the address set forth in the limited warranty deed, we conclude that the district court did not abuse its discretion by concluding that the address used by Palladium was incomplete and that Zuni therefore had a reasonable excuse for failure to appear.

## C. Due Diligence after Notice

Due diligence is measured by asking if a party was diligent "after notice of entry of judgment." *Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 184 (Minn.App. 1987), *review denied* (Minn. Mar. 18, 1987). Generally, what constitutes a reasonable time for seeking rule 60.02 relief varies based on the facts of each case. *Sommers*, 251 at 467, 88 N.W.2d at 195–96; *Bode v. Minn. Dep't of Natural Res.*, 612 N.W.2d 862, 870 (Minn.2000) (reaffirming *Sommers*).

Noting that Zuni alerted counsel shortly after it learned of the September 25, 2008 order, the district court concluded that Zuni acted with reasonable diligence after notice of entry of the judgment. Palladium argues that the district court abused its discretion by concluding that Zuni was diligent, citing Minn.Stat. § 507.32 (2008) and arguing that Zuni had notice of the September 25, 2008 five-week redemption order because it was recorded in the Office of the Hennepin County Recorder on September 25, 2008, as Document No. 9186861. But the district court's conclusion that Zuni was diligent is supported by Zuni's assertions about when it received actual notice of the five-week redemption order, and we will not disturb the district court's conclusion.

## D. Substantial Prejudice

Palladium argues that the district court abused its discretion by not concluding that Palladium will suffer substantial prejudice, because after expiration of the five-week redemption period, it brought "a quiet title action to ensure that its possession and/or sale of the property would not be hindered by further actions by [Zuni] or others." Palladium also argued that it would suffer prejudice because it "had already placed a third party in the premises." The district court found that a third party was living in the townhome and considered Palladium's arguments about prejudice.

Although "prejudice is always inherent when the trial of a case is delayed," when the only prejudicial effect of vacating a judgment is delay and added expense of litigation, substantial prejudice of the kind sufficient to prevent reopening a judgment is not established. *Finden*, 268 Minn. at 272, 128 N.W.2d at 751. Here, the district court concluded that Palladium would not suffer prejudice if the September 25, 2008 five-week redemption order was vacated, noting that if Zuni were allowed to redeem from the association assessment lien, Palladium would "receive all amounts to which it is entitled under Minnesota law." And, regarding the alleged prejudice to the third party residing in the townhome, the district court noted that "[u]pon information and belief, [Palladium] has not entered into a written lease agreement with the third party and the terms of any oral lease agreement are unknown."

We conclude that the district court did not abuse its discretion in concluding that Palladium will not suffer substantial prejudice of the kind necessary to keep a judgment from being reopened and vacated.

Because the district court properly analyzed the *Finden* factors and concluded that they supported granting Zuni's motion, the district court did not abuse its discretion in vacating the September 25, 2008 five-week redemption order.

## II. Untimely Affidavits

Palladium argues that the district court abused its discretion by not striking the affidavits of Dunlevy and Braithwaite. In its order vacating the September 25, 2008 five-week redemption order, the district court did not explicitly address Palladium's motion to strike the affidavits. Ap-

pellate courts cannot assume a district court erred by failing to address a motion, and silence on a motion is therefore treated as an implicit denial of the motion. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (stating that this court cannot assume a district court erred); *see also, e.g., C & R Stacy, LLC v. County of Chisago*, 742 N.W.2d 447, 459 (Minn.App.2007) (treating silence on a motion for amended findings as denial of the motion). "Procedural and evidentiary rulings are within the district court's discretion" and are reviewed for an abuse of discretion. *Braith v. Fischer*, 632 N.W.2d 716, 721 (Minn.App.2001), *review denied* (Minn. Oct. 24, 2001); *see also Superior Constr. Servs., Inc. v. Belton*, 749 N.W.2d 388, 393 (Minn.App.2008) (addressing exclusion of affidavits under abuse-of-discretion standard).

An appealing party bears the burden of demonstrating both error and prejudice. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975). Nothing in the district court's order suggests that it based its decision on the affidavits. Because the affidavits did not appear to influence the district court's decision, the district court's implicit denial of Palladium's motion to strike the affidavits was harmless.

## DECISION

A five-week redemption order granted under the 2008 amendment to Minn. Stat. § 582.032, subd. 7, is subject to relief under Minn. R. Civ. P. 60.02. Because the 2008 amendment does not preclude Zuni from establishing a reasonable defense on the merits, and because the district court properly concluded that the *Finden* factors supported granting Zuni's motion to reopen and vacate the September 25, 2008 order, we conclude the district court did not abuse its discretion in granting Zuni's motion. Further, any error in accepting Zuni's untimely affidavits was harmless.

**Affirmed.**