*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0143**

In re the Marriage of: Alyssa Aileen Rex,
f/k/a Alyssa Aileen Nicoski, petitioner,
Respondent,

vs.

Steven Edward Nicoski,
Appellant.

**Filed November 23, 2015
Affirmed
Reyes, Judge**

Scott County District Court
File No. 70FA0823035

Jodi J. See, Jodi Langhorst See Law Office & Dispute Resolution Services, P.L.L.C., Prior Lake, Minnesota (for respondent)

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D  O P I N I O N**

**REYES**, Judge

On appeal from the denial of appellant's motion to modify his spousal-maintenance award, appellant argues that the district court erred by finding that appellant

did not prove a substantial change in circumstances which rendered the original maintenance award unreasonable and unfair. We affirm.

## FACTS

Appellant Steven Edward Nicoski and Respondent Alyssa Aileen Rex were married on September 29, 1995. The parties have two children, ages 15 and 18. After the birth of their first child, the parties decided that appellant would stay home to care for the children. At that time, respondent was employed as a certified public accountant, worked 32 hours per week, and earned $63,615 annually. Respondent also had non-marital income from other sources and substantial non-marital funds, both of which allowed the parties to live a "very comfortable lifestyle."

The parties had been married for exactly 13 years when respondent filed for divorce on September 29, 2008. The parties reached an agreement on several issues. However, a trial was held on the issues of income, spousal maintenance, child support, and the allocation of medical and dental costs. Appellant was 41 years old at the time of the divorce proceedings.

On June 8, 2009, the district court issued a judgment and decree, dissolving the parties' marriage and ordering respondent to pay appellant $1,850 in temporary spousal maintenance for 60 months. In a memorandum accompanying the judgment and decree, the district court noted appellant's bipolar disorder, that appellant was overwhelmed by the current changes to his life, and that appellant's emotional condition was fragile. However, the court also commented on appellant's ability to work and to update his skills through vocational or technical training in order to increase his earning capacity. Finally,

2

the court stated that the five-year temporary-maintenance period was intended to give appellant sufficient time to improve his work-related skills and become self-sufficient.

On February 11, 2014, a few months before the expiration of appellant's spousal maintenance on June 30, 2014, appellant made the first of three visits to Minnesota Mental Health Clinics (MMHC). Appellant initially reported visiting MMHC to get medication to help him sleep. However, during these visits, appellant also received treatment for his bipolar disorder. Appellant quit his job with HOM Furniture on February 22, 2014, a position which he had held since October 2007. On March 3, 2014, appellant made his last of three visits to MMHC.

Appellant filed a motion seeking a modification of his spousal-maintenance award on May 28, 2014. The district court held a spousal-maintenance-modification hearing on July 16, 2014, and issued an order denying appellant's motion to modify spousal maintenance on August 5, 2014. Appellant filed a motion for amended factual findings and conclusions of law. The district court denied that motion. This appeal followed.

## D E C I S I O N

### I. The district court did not err in finding that appellant failed to prove a substantial change in circumstances due to his failure to rehabilitate.

Appellant argues that the district court erred by finding that appellant's failure to rehabilitate did not constitute a substantial change in circumstances. We disagree.

Whether to grant a motion to modify maintenance is discretionary with the district court. *Hecker v. Hecker*, 568 N.W.2d 705, 710 (Minn. 1997). A district court abuses its discretion if its decision is based on findings of fact that are unsupported by the record, it

3

misapplies the law, or it resolves the question in a manner contrary to logic and the facts on the record. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 n.3 (Minn. 1997) (findings unsupported by the record; misapplying the law); *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984) (resolving the matter in a manner contrary to logic and facts on the record). Findings of fact are not set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. A finding is "clearly erroneous" if it is manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn. 1985).

To prevail on a motion to modify maintenance, the moving party must show a substantial change in circumstances that renders the existing maintenance award unreasonable and unfair. *See* Minn. Stat. § 518A.39, subd. 2(a) (2014). In addition, generally, a maintenance recipient has a duty to rehabilitate. *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). And it follows from this duty to rehabilitate that a maintenance recipient must make reasonable efforts to become self-supporting. *Id.* If, despite reasonable efforts made by the dependent spouse, he or she is unable to become fully rehabilitated, that failure may constitute a change in circumstances. *Id.*; *see also Hecker*, 568 N.W.2d at 709-10 & n.3 (stating that "[t]he substantial change was the frustration of the parties' expectations of self-sufficiency [of the maintenance recipient] and the resultant substantial increase in [the recipient's] need for maintenance").

A careful review of the record shows that the district court did not clearly err in finding that appellant failed to make a good-faith effort to rehabilitate and therefore failed

4

to establish a substantial change in circumstances. Appellant failed to offer evidence that he in any way sought to improve his employment opportunities during the temporary maintenance period. Appellant had worked at HOM Furniture since October 2007 but quit on February 22, 2014, just months before his temporary maintenance was set to expire. Further, the record is devoid of any evidence indicating that appellant attempted to update his job skills during the five-year temporary-maintenance period. Finally, the record reflects that he only completed and submitted two job applications.

Appellant asserted, for the first time in a post-trial motion, that his worsened mental-health condition is the reason why he failed to improve his employment prospects, and that his condition also precluded him from seeking treatment for his disorder. "We initially note that an issue first raised in a post-trial motion is not raised in a timely fashion." *Grigsby v. Grigsby*, 648 N.W.2d 716, 726 (Minn. App. 2002). Therefore, we need not address it on appeal. Nevertheless, we observe that appellant failed to produce any evidence that he sought to address his mental-health issues from June 2009 to February 2014. While records from appellant's visits to MMHC in February and March of 2014 show that appellant exhibited symptoms of anxiety and depression, appellant failed to pursue the recommended bi-monthly treatment and stopped visiting the clinic after March 3, 2014. Thus, the record is devoid of evidence to substantiate appellant's claim that his condition deteriorated.

"The law prefers that [a maintenance recipient] make reasonable attempts to rehabilitate and fail, rather than do little or nothing and 'rely upon the possibility that [he] would continue to receive spousal maintenance.'" *Youker*, 661 N.W.2d at 270 (quoting

*Hecker*, 568 N.W.2d at 710); *see also Rydell v. Rydell*, 310 N.W.2d 112, 114-15 (Minn. 1981) (holding that wife's worsened condition justified modifying her maintenance award when her doctor testified at trial, explained that wife's condition was progressive and worsening slowly, and remedial measures taken had not yielded the anticipated benefits). Therefore, we find that the record supports the district court's finding that appellant failed to prove a substantial change in circumstances.

**II.    Appellant failed to prove that his alleged changed circumstances rendered the original award unreasonable and unfair.**

Even if we were to assume that appellant proved a substantial change in circumstances, appellant nevertheless failed to demonstrate that his changed circumstances rendered the original award unreasonable and unfair. After noting that appellant voluntarily left his job, the district court stated that appellant's lack of employment "[did] not make the original [maintenance award] unfair and unreasonable." Appellant asserts that the record does not support this finding. We are not persuaded.

As previously noted, a party receiving temporary maintenance under Minn. Stat. § 518.522 (2014) must make a good faith effort to rehabilitate. *Hecker*, 568 N.W.2d at 709-10 & n.4; *see also Rydell*, 310 N.W.2d at 114-15. Whether a party is credible and whether a party acts in good faith are questions on which appellate courts defer to the district court. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (stating that appellate courts defer to district court credibility determinations); *Tonka Tours*, 372 N.W.2d at 728 (stating that whether a party acts in good faith is, essentially, a credibility question).

6

The record shows that, before the dissolution trial, appellant met with a vocational expert to assess his employment prospects following the divorce, and the expert indicated that, despite appellant's mental-health condition and corresponding work-related difficulties, there were jobs for which appellant was well suited and could perform. These jobs included working in a warehouse; as a custodian; or as an auto mechanic, a field in which appellant has training and experience. The expert also noted appellant's ability to fix and build computers. Appellant did not appeal the dissolution judgment and, in the proceedings to modify maintenance, appellant failed to provide evidence that he so much as researched, much less seriously pursued, any of the lines of work that the vocational expert and district court identified as options for him. Appellant also failed to provide any evidence that he pursued any other employment options.

Appellant argues that his mental-health disorder is the reason he failed to improve his employment prospects or seek treatment for his disorder, and therefore his failure to rehabilitate should not preclude modification of his maintenance award. Again, this argument was not raised in a timely fashion, and the district court did not explicitly address this question in its order; therefore, we need not address it on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, appellate courts address only those questions presented to and considered by the district court); *Grigsby*, 648 N.W.2d at 726. Nevertheless, we will assume that the question is properly before this court. To the extent appellant presented this argument to the district court, the district court implicitly rejected it by denying appellant's motion to modify maintenance. *See generally*, *Palladium Holdings, LLC, v. Zuni Mort. Loan Trust*, 775 N.W.2d 168,

177-78 (Minn. App. 2009) (treating a district court's failure to address a motion presented to it as an implicit denial of that motion), *review denied* (Minn. Jan. 27, 2010). The record supports this rejection. As previously noted, appellant failed to introduce any evidence, other than his own assertion, that it was his disorder that precluded him from improving his employment prospects; and this assertion is not supported by the medical reports contained in the record. Absent more, on this record, we cannot say that the district court clearly erred by finding, albeit implicitly, that appellant's disorder was not an adequate basis for appellant's failure to improve his employment prospects. *See Risk ex rel. Miller v. Stark*, 787 N.W.2d 690, 698 (Minn. App. 2010) (affirming, as supported by the record, the district court's implicit findings regarding a party's alleged improper disposition of marital assets).

Further, we note that the dissolution judgment explicitly contemplated appellant's mental health and adjustment difficulties but still indicated that appellant could become self-sufficient; the judgement described several lines of work that appellant could pursue and gave appellant five years to pursue those options. Indeed, the district court even awarded appellant more temporary maintenance than he requested: appellant sought monthly maintenance of $1,500, and the district court awarded him $1,850 per month, including cost-of-living adjustments. Thus, the dissolution judgment gave appellant ample time and resources for rehabilitation, and did so after carefully considering appellant's mental health. On this record, and particularly in light of appellant's failure to make a good-faith effort to rehabilitate, the district court did not clearly err by finding

8

that any failure by appellant to rehabilitate did not render the existing maintenance award unreasonable and unfair.

Indeed, the district court's decision, which functionally attributes to appellant the income necessary for appellant to support himself, is squarely within the ambit of *Hecker*. Under *Hecker*, *even if* a spousal-maintenance recipient's failure to attain the level of self-sufficiency contemplated by a dissolution judgment constitutes the statutorily required substantial change in circumstances, "it is [still] within the trial court's discretion to attribute to that individual an income that reasonable efforts [at rehabilitation] would have produced." 568 N.W.2d at 706 (syllabus); *see Sefkow*, 427 N.W.2d at 214 (citing syllabus of a prior opinion as authority). Here, after considering appellant's mental, physical, and financial health, the dissolution judgment indicated that an award of 60 months of maintenance in an amount of $350 more than appellant requested would allow appellant to become self-sufficient. And there is nothing unreasonable or unfair about not extending the maintenance award of a person who is deemed to be self-sufficient. *See Lyon v. Lyon*, 439 N.W.2d 18, 22 (Minn. 1989) (stating that "maintenance depends on a showing of need"); *Kemp v. Kemp*, 608 N.W.2d 916, 922 (Minn. App. 2000) (stating that "[a]bsent a demonstrated need [by a maintenance recipient, a maintenance obligor's] continuing maintenance obligation should be terminated"). On this record, appellant has shown neither that the relevant district court findings are clearly erroneous nor that the district court otherwise abused its discretion.

**Affirmed.**