*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1985**

Unifund CCR, LLC, as assignee of Pilot Receivables Management, LLC,
Respondent,

vs.

Jeffrey A. Carney,
Appellant.

**Filed July 18, 2016
Affirmed
Connolly, Judge**

LeSueur County District Court
File No. 40-CV-14-1065

Andrew D. Parker, Parker Rosen, LLC, Minneapolis, Minnesota; and

Amy M. Goltz, Gurstel Chargo, P.A., Golden Valley, Minnesota (for respondent)

Darren B. Schwiebert, DBS Law LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Connolly, Judge; and Muehlberg, Judge.*

_____

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

Appellant challenges the district court's denial of his motion to vacate a default judgment, arguing that the district court erred by determining that (1) the judgment is not void for lack of personal jurisdiction and (2) appellant does not have a reasonable defense on the merits. We affirm.

## FACTS

In December of 2013, respondent Unifund CCR, LLC (Unifund) sent a letter to appellant Jeffrey A. Carney regarding an outstanding debt of $8,569.81 originally owed to CitiBank, N.A. (CitiBank). Carney did not respond to the letter. On March 31, 2014, Unifund claims to have served Carney with a summons and complaint to collect on his debt.

On May 1, 2014, Unifund's counsel served Carney with a notice of intent to apply for default judgment and received no response. This notice stated that Unifund was an assignee of Pilot Receivables Management LLC (Pilot) and had sued Carney to collect the credit card debt originally owed to CitiBank. The notice further stated that Unifund would ask the court to enter a judgment against Carney unless he responded in writing within 14 days. Carney again did not respond.

In October 2014, Unifund filed multiple documents with the district court. Among the documents submitted to the district court was an exhibit documenting the amount owed by Carney. In order to prove that it had the right to collect Carney's debt, Unifund also attached a bill of sale and assignment from CitiBank to Pilot, as well as an assignment from

2

Pilot to Unifund. Additionally, Unifund filed Exhibit B which consists of documents demonstrating that Carney's account was one of the accounts assigned to Unifund. In November 2014, the district court granted a default judgment against Carney in the amount of $11,564.67, reflecting the principal owed, the accrual of six percent interest per annum since the charge-off date, and certain costs.

In March 2015, Unifund served a garnishment summons on U.S. Bank, which withheld a total of $11,714.67 from Carney's account. In response, Carney filed an exemption claim, asserting that his money was protected because he was receiving government assistance in the form of food support and medical assistance. In May 2015, the district court held for Carney and ordered that U.S. Bank release all money previously withheld. In July 2015, Carney filed a motion to vacate the default judgment, eight months after receiving notice of the entry of judgment.

A hearing on Carney's motion to vacate was held in October of 2015. At the hearing, Carney testified that he had never been personally served with Unifund's summons and complaint. He further testified that the first notice he had of the lawsuit was when he received the notice of entry of judgment. Carney also argued that Unifund lacked standing to collect on his debt because the documents filed with the court did not sufficiently establish that his account had been among those assigned to Unifund by Pilot. Lastly, Carney asserted that CitiBank, as Unifund's predecessor, had waived post-charge-off interest, thereby preventing Unifund from collecting any interest.

On October 14, 2015, the district court entered an order denying Carney's motion to vacate the default judgment. The district court recognized that Carney set forth two

3

arguments in support of his motion: (1) Carney asserted he was not personally served and the judgment was void and (2) Carney claimed excusable neglect for failing to respond. The district court held that, based on the evidence presented by Unifund, Carney had been served. Additionally, the district court held that Carney had failed to satisfy any of the four factors required to vacate a default judgment. This appeal follows.

## DECISION

"[An appellate] court will not overturn a ruling on a motion to vacate a default judgment unless the district court abused its discretion." *Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn. 2004). "The discretion of the district court in opening a default judgment is particularly broad when the court's decision is based upon an evaluation of conflicting affidavits." *Id.* at 631-32. But, "[a] district court abuses its discretion if its findings are unsupported by the evidence or its decision is based on an erroneous view of the law." *Kern v. Janson*, 800 N.W.2d 126, 133 (Minn. 2011).

## I. The district court did not err in holding that Carney had been served.

Carney first argues that he is entitled to relief from the default judgment because the judgment is void for lack of personal jurisdiction due to insufficient service of process. "A judgment is void if the issuing court lacked personal jurisdiction over a party through a failure of service that has not been waived." *Ayala v. Ayala*, 749 N.W.2d 817, 820 (Minn. App. 2008). "Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). But "[appellate courts] apply the facts as found by the district court unless those findings are clearly erroneous." *Id.*

4

Personal service is accomplished "[u]pon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03. "[A]n affidavit of service is usually strong evidence of proper service . . . [which] may [only] be overcome by the production of clear and convincing evidence." *Drews v. Fed. Nat'l Mortg. Ass'n*, 850 N.W.2d 738, 743-44 (Minn. App. 2014) (quotation and citation omitted).

Carney contests the sufficiency of service of process by asserting that he was never served with Unifund's summons or complaint. At the hearing, Unifund relied upon an affidavit from a process server stating that Carney had been personally served with the summons and complaint at his home address on March 31, 2014. Carney asserts that his sworn testimony that he was never served constitutes clear-and-convincing evidence sufficient to overcome the presumption of service created by the affidavit. However, Carney has not flatly denied that he was served, instead he has merely testified that he did not recall being served. This court held in *Drews* that an attempt to rebut evidence of service with testimony disputing that service took place does not rise to the level of clear-and-convincing evidence. *Id*. at 744. Because Carney failed to produce clear-and-convincing evidence that he was not properly served, the district court did not err in holding that he was properly served.

5

## II. The district court did not err in holding that Carney had not satisfied Minn. R. Civ. P. 60.02.

Carney also argues that the district court erred in denying his motion to vacate the default judgment under Minn. R. Civ. P. 60.02(a), (f). Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . and may . . . grant such other relief as may be just for the following reasons:
> (a) Mistake, inadvertence, surprise, or excusable neglect;
> . . . . or
> (f) Any other reason justifying relief from the operation of the judgment.

To qualify for relief from a final judgment on the grounds of mistake or inadvertence, "the moving party must show (1) a reasonable claim on the merits, (2) a reasonable excuse for its failure or neglect to act, (3) due diligence after notice of entry of judgment, and (4) absence of substantial prejudice to the opponent." *Westfield Ins. Co. v. Wensmann, Inc.*, 840 N.W.2d 438, 449 (Minn. App. 2013) (citing *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)), *review denied* (Minn. Feb. 26, 2014). "The moving party bears the burden of showing that the *Finden* factors are satisfied . . ." *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 174 (Minn. App. 2009), *review denied* (Minn. Jan. 27, 2010). But, "a weak showing on one [*Finden*] factor may be offset by a strong showing on the other factors." *Id*. "The decision to vacate judgment under rule 60.02 rests within the district court's discretion and will not be reversed absent an abuse of that discretion." *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997), *review denied* (Minn. June 26, 1997).

As a threshold matter, Carney argues that the district court erred in stating that he had the burden to prove his defense in order to vacate the default judgment. The district court stated that Carney had the burden to demonstrate that the interest charged was inappropriate or that Unifund has no standing to collect on the debt. The district court held that Carney failed to meet his burden on both potential defenses. Carney asserts that the district court saddled him with a burden that is inconsistent with Minnesota law and erred in subsequently finding that he had not met that burden. However, Minnesota law has repeatedly held that a moving party has the burden to show the existence of a meritorious defense. *See, e.g.*, *Charson v. Temple Israel*, 419 N.W.2d 488, 492 (Minn. 1988); *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). It is clear that the district court's statement as to Carney's burden simply articulates that, under the *Finden* test, he had the burden to show the existence of a meritorious defense.

In this case, the district court concluded that the first three of the *Finden* factors were not satisfied and made no statement as to prejudice to Unifund. As to factor one, the court determined that Carney failed to show a reasonable claim on the merits as to Unifund's lack of standing to collect the debt and their attempt to collect interest waived by their predecessor-in-interest. These findings are supported by evidence in the record—specifically, documents filed by Unifund regarding the assignment of Carney's debt. Carney also failed to supply any specific evidence that would support his claim that interest had been waived by Unifund's predecessor-in-interest. *See Bentonize, Inc. v. Green*, 431

N.W.2d 579, 583 (Minn. App. 1988) ("Allegations which are not sufficiently specific have previously prompted the courts of this state to deny relief under Rule 60.02.").[1]

As to factor two, the court determined that Carney showed no reasonable excuse for the default, correctly noting that Carney provided no excuse independent of his unsuccessful argument that service of process was insufficient.

As to factor three, the court determined that Carney had failed to act diligently until his funds were garnished approximately five months after he received notice of the entry of judgment. Evidence in the record shows that Carney was aware of the entry of judgment and simply decided not to act on the mistaken belief that it was a "joke."

As to factor four, while the district court did not speak to any possible prejudice to Unifund, in light of the district court's sound analysis of the other three factors, we see no need to look for error in its analysis of this last factor. *See Imperial Premium Fin., Inc. v. GK Cab Co.*, 603 N.W.2d 853, 859 (Minn. App. 2000) (noting that "a strong showing on three factors may offset relative weakness on one factor" but reasoning that movant "failed to satisfy two factors" and concluding that district court abused its discretion in vacating default judgment against movant).

In sum, the district court's findings with regard to the first three factors are supported by the evidence, and its conclusions on those factors are not based on an erroneous view of the law. We conclude that the district court did not abuse its discretion

---

[1] Carney never disputed that he owed the principal charged on his credit card. The principal amounted to $8,548.73 and the interest amounted to $2,433.94.

8

by denying Carney's motion for relief from the default judgment on the grounds of mistake or inadvertence.

Carney also argues for relief under rule 60.02(f). However, he has not supported his assertion with any substantive argument. Relief under rule 60.02(f) is available "only under exceptional circumstances and then, only if the basis for the motion is other than that specified under clauses (a) through (e)." *Chapman v. Special Sch. Dist. No. 1*, 454 N.W.2d 921, 924 (Minn. 1990). As Carney's argument falls exclusively under rule 60.02(a) and does not involve exceptional circumstances, we also conclude that the district court did not abuse its discretion by denying Carney's motion for relief from the default judgment under rule 60.02(f).

**Affirmed.**